IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2101-FL

| | | |
|---|---|---|
| CHARLES E. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| UNITED STATES PAROLE | ) | |
| COMMISSION, and WARDEN BRICK | ) | |
| TRIPP, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, a federal inmate, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that he has not received a dispositional review of his parole violation warrant, which the United States Parole Commission ("the Commission") lodged as a detainer against the federal sentence he is serving. As relief, petitioner requests an "expedited revocation hearing." (Pet. p. 3.) The action now is before the court on respondents' motion to dismiss, or in the alternative, for summary judgment (DE 5). Respondents submitted an addendum to their motion on November 5, 2013. Petitioner did not respond to respondents' motion or addendum.

In their November 5, 2013, addendum, respondents argue that petitioner's § 2241 petition now is moot because the Commission withdrew its May 17, 2002, parole violation warrant, and closed its case against petitioner. (Resp'ts' Addendum (DE 8) Ex. D.) Article III, Section 2 of the United States Constitution provides that federal courts may only adjudicate live cases or

controversies.  See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."  Id.

Generally, the Commission's withdrawal of a parole violator warrant and termination of parole revocation proceedings render a § 2241 petition moot.  See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir.2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."); see also, Preston v. United States Parole Com'n, No. PJM–10–1727, 2010 WL 5387833, at *1 (D.Md. Dec. 22, 2010) (finding § 2241 petition moot where the petitioner was "terminated from parole the remainder of his sentence").  Petitioner does not refute respondents' evidence that the petition now is moot.  Based upon the foregoing, the court GRANTS defendants' motion to dismiss, or in the alternative, for summary judgment (DE 5), and DISMISSES this action without prejudice as MOOT.  The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 19th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

2

Case 5:13-hc-02101-FL   Document 9   Filed 06/19/14   Page 2 of 2